## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* HOWELL.

1. Where a declaration alleged that a telephone company, in stretching wires along a public street of a city, permitted one of them to sag while heavily charged with electricity, or to become so charged with electricity while thus sagging, at a place where it was likely to injure pedestrians, and gave no warning of the danger arising from such charge, in consequence of which a person walking along the street came in contact with the wire and was seriously injured by the electric charge, this sufficiently stated a case of negligence on the part of the defendant to withstand a general demurrer.

2. It is not negligence as a matter of law for a pedestrian to cross a public street at a point where there is no crosswalk. The use of public streets between crossings is not limited solely to animals and vehicles. Such use by footmen does not necessarily constitute negligence, if due caution is exercised.

3. Where a declaration alleged that a pedestrian was going along a street and started to cross it, when he was struck in the face by a wire which a telephone company had negligently allowed to sag while highly charged with an electric current, or to become so charged while sagging, without giving warning of the danger, and that while seeking to guard his face from the wire the plaintiff's hand came in contact with it and was injured by reason of the electric current, and that he was without fault or negligence in and about the transaction, and was in the exercise of due caution and diligence, a general demurrer, on the ground that the plaintiff was not in the exercise of ordinary care and prudence for his own protection, and that by the exercise of such care he could have avoided the injury, was properly overruled.

Argued January 20,—Decided February 21, 1906.

Action for damages. Before Judge Hamilton. City court of Floyd county. March 8, 1905.

Mot Howell, by his next friend, brought an action for damages against the Southern Bell Telephone and Telegraph Company, alleging in substance as follows: The agents and employees of the defendant were engaged in stretching wires on the arms at the top of certain poles situated on a public street of the city of Rome. There was a windlass under the charge of one of the defendant's servants, from which a wire was run to the cross-arm of a pole. The wire sagged from the pole to the windlass. The plaintiff was going along the street and started to cross it. The wire struck him in the face. He threw up his hand to get it out of the way, and caught hold of it with his right hand. He was unable to turn loose, and was seriously burned and injured. He was without fault or negligence in or about the transaction, and was in the exercise

of due care and diligence.   The defendant was negligent in allowing and permitting its wire to sag when heavily charged with electricity as it was, and in permitting it to be or become charged with electricity while it was thus sagging on a public street, where it was likely to injure pedestrians, and in not notifying plaintiff that to touch the wire was dangerous, and that it was charged with electricity.   The defendant demurred to the petition, on three grounds: (1) that it set forth no good cause of action; (2) that it showed that the plaintiff was not in the exercise of ordinary care and prudence for his own protection; and (3) that in the exercise of ordinary care and prudence the plaintiff could have avoided the injury.   The demurrer was overruled, and the defendant excepted.

*Hunt Chipley* and *McHenry & Maddox,* for plaintiff in error.

*T. W. Lipscomb* and *Seaborn & Barry Wright,* contra.

LUMPKIN, J.   (After stating the facts.)   1. There was no special demurrer for want of sufficient fullness in any particular allegation; but the demurrer filed was general in its nature.   As against such a demurrer the petition stated a good cause of action. An allegation that a telephone company, while engaged in stretching wires along a public street of a city, permitted one of them to sag while charged with electricity, or to become heavily charged with electricity while thus sagging, at a place where it was likely to injure pedestrians, and gave no warning of the danger arising from such charge, sufficiently stated a case of negligence to withstand the demurrer.   See Jones v. Finch, 128 Ala. 217; Haynes v. Raleigh Gas Co., 114 N. C. 203; Ahern v. Oregon Tel. Co., 24 Ore. 276; Devine v. Brooklyn Heights Co., 1 N. Y. App. Div. 237, 37 N. Y. Sup. 170; Texarkana Gas & Electric Co. v. Orr, 59 Ark. 215; Burns v. Delaware & Atl. Tel. Co., 70 N. J. L. 746, 67 L. R. A. 956.   The decision in *Read* v. *City & Suburban Ry. Co.,* 110 *Ga.* 165, is in harmony with that here made.   There the plaintiffs, while driving along a street, were injured by a wire which sagged from the poles of a street-railway company.   The presiding judge granted a nonsuit, on the ground that they could have avoided the result of the negligence of the defendant, by the exercise of ordinary care; but this judgment was reversed.   On a second trial there was evidence to show that, as the vehicle was approaching the sagging wire, the employees of the company gave to the occu-

pants repeated warnings of the danger ahead, which were either un-heard or ignored, and that these warning were such as necessarily to have attracted the attention of an ordinarily prudent man. The jury found for the defendant, and the judgment was affirmed. *Read* v. *City & Suburban Ry. Co.*, 115 *Ga.* 366.

2-3. It is not negligence, as a matter of law, for a pedestrian to cross a public street at a point where there is no crosswalk. In doing so he may "assume a greater risk from passing vehicles and animals using the main thoroughfare than he does when passing over a crosswalk (*Brunswick Ry. Co.* v. *Gibson,* 97 *Ga.* 498-9), but he does not, in doing so, assume any greater risk from obstructions other than those necessary for the use of some public utility, such as water-plugs, telegraph and telephone poles, and the like. Even a telegraph or telephone wire, placed so low on a sidewalk or street that a person using the street might come in contact with it, would be an obstruction." *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 158. In City of Denver *v.* Sherret, 88 Fed. 235-236, it was said: "The use of the public streets between crossings is not limited solely to animals and vehicles, but may be used by footmen, due caution being exercised. Elliott Roads & S. 622; Moebus *v.* Herrmann, 108 N. Y. 349, 15 N. E. 415."

This case differs from those cited on behalf of the plaintiff in error. Thus, in *City of Columbus* v. *Griggs,* 113 *Ga.* 597, a street was rendered unsafe by reason of certain work which had been done in it. Two persons, with full knowledge of the situation, which was palpably and obviously dangerous, undertook at night to drive over the place where the street had been worked. They not only knew of the situation and danger, but discussed it a few moments before the catastrophe happened. In *Barfield* v. *Southern Ry. Co.,* 118 *Ga.* 256, plaintiff's own evidence showed that he undertook to drive under a low trestle with which he was perfectly familiar, and to avoid injury by crouching in his wagon. His mules became frightened and made a lunge which threw him upward, and he was hurt. None of the other decisions relied on by the plaintiff in error were in cases similar to that at bar. The plaintiff alleged that he was without fault or negligence in the transaction, and was in the exercise of due care and diligence; and upon general demurrer we can not declare that this was untrue. There are no facts set out in the declaration which disprove the statement.

*Dempsey* v. *Rome,* 94 *Ga.* 420; *Central Ry. Co.* v. *Weathers,* 120 *Ga.* 475, 477; *Seaboard Air-Line Railway* v. *Pierce,* Id. 230; *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 699.

Judgment affirmed. All the Justices concur.