## EINING *v.* GEORGIA RAILWAY AND ELECTRIC CO.

1. Where the wires of an electric-railway company and those of a telephone company are strung to the pole of the former, and the wire of the latter breaks and falls to the street below across the wire of the former, therefrom becoming charged with a high current of electricity, and a horse, while being driven along such highway with due care, is killed because of contact with such wire, both companies are jointly liable for such damage, where it is the result of the concurring negligence of the two companies, and would not occur in the absence of negligence on the part of either.
2. Where the petition alleged that the horse was killed because of the negligence of the telephone company in permitting its wire to· become so worn and weak as to break and fall to the street, and because of the separate acts of negligence of both companies in not having their wires sufficiently insulated, and in not having sufficient guard-wires to prevent the telephone wire from coming into contact with the wire of the other company, such petition was not subject to demurrer on the ground

that there was a misjoinder of parties, and that the petition shows that the defendants are not joint tort-feasors, and seeks to bring two separate and distinct causes of action against separate and distinct parties in the same petition and in the same count.

3. Where, to a petition making the allegations referred to in the preceding note, the railway company's demurrer on the grounds therein stated was sustained and it was stricken as a party defendant, to which judgment the plaintiff excepted, *held*, that the telephone company, if the allegations of the petition are true, was liable in a separate suit for the damage alleged, and, as far as disclosed by the record, was not interested in sustaining the judgment dismissing the railway company from the joint action against both companies, and therefore was not a necessary party to the bill of exceptions.

Argued June 9,—Decided November 17, 1909.

Action for damages.   Before Judge Pendleton.   Fulton superior court.   December 8, 1908.

*A. H. Davis,* for plaintiff.

*Rosser & Brandon* and *Colquitt & Conyers,* for defendant.

HOLDEN, J.   The plaintiff brought suit against the Atlanta Telephone and Telegraph Company and the Georgia Railway and Electric Company, for damages on account of the death of a horse belonging to the plaintiff, alleged to have been worth $250.   The following allegations appear in the petition.   "The Atlanta Telephone and Telegraph Company has lines of wire strung over the streets of the City of Atlanta, and its telephones are in numerous parts of the city.   It has an office and agents therein and does a general telephone business, and will hereinafter be called the Telephone Company.   The Georgia Railway and Electric Company is a street-railway corporation having a line of tracks running through the streets of the City of Atlanta and a line of wires running over the streets and fastened to poles, and does a general street-railway business, and furnishes light to the City of Atlanta and light and power for commercial purposes in the said city.   This company will hereinafter be called the Street Railway Company.   At the southwest corner of Whitehall and West Fair streets in said city the wires of the Telephone Company are supported upon a cross-arm or beam which is attached to a pole belonging to the Street Railway Company, and runs diagonally across West Fair street in a westerly direction to the north side of West Fair street, where it intersects with Forsyth street.   The wires of the Street Railway Company carry currents of electricity of high voltage,

which are dangerous and fatal to the life of man and beast coming in contact with them.    On Saturday, Sept. 5, 1908, at about 7 or 8 o'clock in the evening, the plaintiff's servant was driving the bread wagon and horse of plaintiff along West Fair street near to and just west of Whitehall street.    The driver was proceeding with proper care, when suddenly the horse came in contact with and became entangled in a wire which was lying unguarded in the middle of the street, and received an electric shock which killed him.    It was dark at the time, and the driver did not see the wire which lay in the path of the horse.    Plaintiff charges that the wire with which the horse came in contact was that of the Telephone Company, which had broken in two and fallen across the wire of the Street Railway Company; and both wires were imperfectly insulated, and the telephone wire received a heavy charge of electric current from the Street Railway Company's wire.    Plaintiff charges that  the Telephone Company was negligent in having a wire that was so weak or worn as to break in two without apparent reason; and was further negligent in not having sufficient insulation on said wire; and was further negligent in not having a sufficient number of guard-wires under its telephone wires to prevent any of them when broken from falling on the wires or to the street below.    Plaintiff charges that the Street Railway Company was negligent in not having its wires at said place sufficiently insulated to prevent an occurrence of the kind described; and was further negligent in permitting the Telephone Company to string its wires across this Street Railway Company's wires without sufficient guard-wires to prevent the Telephone Company's wires from coming into connection with the deadly current of electricity with which the Street Railway Company's wires were habitually charged, and was further negligent in permitting the Telephone Company to use the same pole as carried the Street Railway Company's wires without any safeguards to prevent a wire of one company coming in contact with that of the other company."    The Electric Company filed a demurrer to the petition.    The court passed the following order: "The first three grounds of the foregoing demurrer are sustained and the case dismissed as to the Ga. Ry. and Elect. Co."    The first three grounds of the demurrer were as follows: "There is a misjoinder of parties defendant in said case.    Plaintiff in the same petition and in the same count seeks to set forth a

cause of action against the Atlanta Telephone and Telegraph Company and a cause of action against the Georgia Railway and Electric Company; and there are facts in said petition showing that said defendants were not joint tort-feasors. Because said petition seeks to bring two separate and distinct causes of action against two separate and distinct parties in the same petition and in the same count." To the order sustaining the demurrer the plaintiff excepted.

1, 2. We think the court committed error in sustaining the demurrer on the three grounds stated. Where wires charged with a deadly current of electricity are strung along a public highway, the degree of care required to prevent injury to property or persons lawfully on the highway is governed by the amount of danger attending such use of the highway by the owner of the wires. In 2 Cooley on Torts (3d ed.), 1492, 1493, it is said: "Electricity is an invisible, impalpable force, highly dangerous to life and property; and those who make, sell, distribute, use, or handle it are bound to exercise care in proportion to the danger involved. . . Those using the public ways for electric wires carrying a dangerous current are bound to use a very high degree of care in the construction, use, and repair of such lines, to prevent injury to those lawfully upon such ways. A broken or fallen wire in a street, charged with a dangerous current of electricity, affords a presumption of negligence on the part of the owner of the wire. . . Where the wires of two companies cross or are otherwise so related that there is danger of contact between them, there is a duty on both to guard against such contact, and for a neglect of this duty the companies are jointly and severally liable. Cases of this sort arise mainly where telegraph or telephone wires cross or parallel light or trolley wires. Where the plaintiff's store was set on fire and burned by an electric current from the defendant's trolley wires which had come in contact with the telephone wire to the plaintiff's premises, it was held that the defendant owed a high degree of care in the management of its wires, that both the defendant and the telephone company were bound to guard against a contact of their wires, and that it was immaterial which wires were first installed"—citing Richmond etc. El. Ry. Co. v. Rubin, 102 Va. 809 (47 S. E. 834). In the case at bar the petition alleged, that the wires of the telephone company were strung upon a

cross-arm or beam attached to a pole belonging to the street-railway company, that the wires of the railway company carried currents of electricity dangerous and fatal to the life of man and beast coming into contact with them; that while the driver was proceeding with proper care the plaintiff's horse came in contact with a wire lying unguarded in the middle of the street, and received an electric shock which killed him; that this wire was that of the telephone company, which had broken and had fallen across the wire of the street-railway company, and both wires were imperfectly insulated, and the telephone wire received a heavy charge of electric current from the street-railway company's wire. According to other allegations of the petition, if the wire of the telephone company had not been so "weak or worn" as to break, or if there had been a "sufficient insulation" of this wire or if there had been "a sufficient number of guard-wires under its telephone wires to prevent any of them when broken from falling on the wires or to the street below," the injury would never have occurred. The petition charges the telephone company with being negligent in each of these three particulars. If the street-railway company had had its wires "sufficiently insulated," or had had "sufficient guard-wires to prevent the telephone company's wires from coming" into contact with the railway company's current, or had not permitted the telephone company to use its pole without safeguards to prevent the wires of the two companies coming into contact, the injury would not have occurred, according to the allegations of the petition. The petition charges the railway company with being negligent in each of these three particulars. It is fairly inferable from the petition that the conduct alleged to be negligence on the part of the telephone company alone would not have caused the damage, and the conduct alleged to be negligence on the part of the railway company alone would not have caused the damage. It required the alleged conduct of both companies to produce the damage, and the conduct of each is alleged to be negligence. The wires of the two companies were on the same pole. According to the allegations of the petition, the damage was caused by the concurring negligence of both companies, and this damage would not have occurred if either one of the companies had not been guilty of some of the acts of negligence charged to it. The companies are, therefore, jointly liable. *Atlanta Consolidated St. Ry.*

*Co.* v. *Owings,* 97 *Ga.* 663 (25 S. E. 377, 33 L. R. A. 798) ; *Southern Bell Tel. Co.* v. *Howell,* 124 *Ga.* 1050 (53 S. E. 577) ; *Western Union Tel. Co.* v. *Griffith,* 104 *Ga.* 56 (30 S. E. 420); Id. 111 *Ga.* 551 (36 S. E. 859) ; Keasby on Electric Wires (2d ed.), §§266-269; Harrison *v.* Kansas City El. Lt. Co., 195 Mo. 606 (93 S. W. 951, 7 L. R. A. (N. S.) 293, and cases cited in note) ; Western Union Tel. Co. *v.* Nelson, 82 Md. 293 (33 Atl. 763, 51 Am. St. R. 464, 31 L. R. A. 572, and cases cited in note on p. 576) ; Herbert *v.* Lake Charles Ice etc. Co., 111 La. 522 (64 L. R. A. 101, 100 Am. St. R. 505, 35 So. 731) ; McKay *v.* So. Bell Tel. Co., 111 Ala. 337 (31 L. R. A., 589, 592, 56 Am. St. R. 59, 19 So. 695) ; City El. St. Ry. Co. *v.* Conery, 61 Ark. 381 (33 S. W. 426, 31 L. R. A. 570, 54 Am. St. R. 262) ; Richmond & P. El. Ry. Co. *v.* Rubin, supra. The court committed error in sustaining the three grounds of demurrer hereinabove quoted, and in dismissing the petition.

2. A motion was made to dismiss the bill of exceptions, because the Atlanta Telephone and Telegraph Company was not made a party to the writ of error, on the ground that that company was a necessary party. The Civil Code, §5562, provides: "When the record shows clearly who were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served." The telephone company is not interested in sustaining the judgment of the court below dismissing the railway company from the case as a party defendant. The telephone company is separately liable, as well as jointly liable with the railway company, under the allegations of the petition. If the allegations of the petition are true, the telephone company would be liable for the damage in a suit against it alone. 2 Cooley on Torts (3d ed.), p. 1494; Herbert *v.* Lake Charles Ice etc. Co., supra; Keasby on Electric Wires (2d ed.); §§266, 267, 270; 1 Thomp. Neg. (2d ed.) §805, p. 740. In an Alabama case, McKay *v.* So. Bell Tel. & Tel. Co., supra, it was held: "A telephone company is not excused for negligence in the maintenance of a wire insecurely fastened above

a dangerous trolley-wire because the railroad company was charge-able with the duty of maintaining guard-wires between the electric wires and failed to do so." And in 1 Thomp. Neg. §805, cited above, it is said: "Although an electric-railway company may be under the duty of maintaining guard-wires between its wires and the wires of a telephone company fastened above it, yet this will not exonerate the telephone company from the payment of damages to one injured in consequence of its negligence in so insecurely fastening its wire that it falls upon the wire of the railway company. Nor, in such case, can the railway company excuse its negligence in permitting the telephone wire to remain in contact with its trolley-wire after it has fallen upon it, by showing how other trolley-wires are erected and maintained by prudent and well-managed electric-railway companies. Such a case presents an example of an injury to a third person by the concurring negligence of two other persons; in which case, on a principle already stated, an action for damages may be maintained by the person injured *against the tort-feasors jointly,* or against either of them *separately."* In Joyce on Electric Law, §607, the following text is used: "Electrical wires in breaking and falling frequently come in contact with other electrical wires, as a result of which they become charged with a dangerous current of electricity. Where a traveller is injured by contact with a broken wire so charged, recovery may be had of the company maintaining such wire, if the breaking and falling thereof may be attributed to its negligence, though the current is received by contact with another wire carrying the dangerous current. And it is held to be negligence on the part of a company to suspend wires in such a position that, in the event of their breaking, they will become charged with a dangerous current of electricity from wires underneath." If the plaintiff could only sue the telephone company in a joint action against it and the street railway company, the telephone company might be interested in sustaining the judgment dismissing from the suit the railway company, for the reason that if the judgment dismissing the latter company was sustained, the action then standing alone against the telephone company might be dismissed on the motion of that company on the ground that the plaintiff could only proceed in a joint action against both companies; but the conduct alleged

showing that the telephone company was liable in a suit against it alone for the damage caused, the record before us does not disclose how the telephone company is interested in sustaining the judgment dismissing from the suit the party jointly liable with it. As the telephone company is liable in a suit against it alone for the damage, it would seem that the telephone company would be interested in having the judgment reversed and the suit to continue against both, rather than to proceed against it alone for damages for which both are jointly liable. If the allegations of the petition are true, the liability of the telephone company would not be destroyed or lessened if the judgment were sustained which strikes the railway company from the suit. See *Mc-Gaughey* v. *Latham,* 63 *Ga.* 67, 71. The record before us does not show that the telephone company is interested in having the judgment sustained which dismisses the railway company from the suit, and the motion to dismiss the bill of exceptions because the telephone company is no party thereto is overruled.

*Judgment reversed. All the Justices concur.*