## 12321.  LARKIN v. ANDREWS.

JENKINS, P. J.  Plaintiff alleged, that, while walking in a public road, he was compelled by the rapid approach of an automobile to step to his left and leave the highway; that in so doing he moved not more than 20 feet from the center of the 20-foot road; that he thus came in contact with and was injured by a heavily charged electric-wire, which was entirely hidden from view by a growth of weeds from two to four feet in height; that the wire as here maintained by the defendant along the land of another had been in this position for many weeks, on account of two posts having fallen, which fact was known or by the exercise of ordinary diligence could have been known to the defendant, but was unknown to the plaintiff.  The trial judge dismissed the petition on general demurrer, as failing to set out a cause of action.  *Held:*

1. " Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases " (*Western Union Tel. Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198); *Sherrod* v. *Atlanta &c. R. Co.*, 27 *Ga. App.* 510 (108 S. E. 908); " and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to."  *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288, 289 (100 S. E. 713); *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (2) (70 S. E. 203).  It is only where it clearly appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon general demurrer, as a matter of law, so determine.  *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906); *Southern Ry. Co.* v. *Barber*, 12 *Ga. App.* 286 (77 S. E. 172).

2. Under the facts alleged, it cannot be taken as a matter of law either that (*a*) the relation of plaintiff to defendant was that of a mere trespasser; or that (*b*) the fact that petitioner as a pedestrian stepped to the left instead of the right side of the road, in order to dodge the rapidly approaching vehicle, constituted negligence; or that (*c*) such act must be taken as the proximate cause of the injury.  The court therefore erred in dismissing the petition, since it was for the jury to pass upon all questions of negligence raised by the evidence under the pleadings.  *Bining* v. *Ga. Ry. & El. Co.*, 133 *Ga.* 458 (66 S. E. 237); *Atlanta Consolidated Street Ry. Co.* v. *Owings*, 97 *Ga.* 663, 666, 667 (25 S. E. 377, 33 L. R. A. 798); *Mayor &c. of Unadilla* v. *Felder*, 145 *Ga.* 440 (2) (89 S. E. 423); *Wallace* v. *Matthewson*, 143 *Ga.* 236 (84 S. E. 450); *City of Thomaston* v. *Atkinson*, 25 *Ga. App.* 615 (103 S. E. 876); *Savannah Lighting Co.* v. *Harrison*, 20 *Ga. App.* 8 (92 S. E. 772); *Southern Bell Tel. Co.* v. *Davis*, 12 *Ga. App.* 28, 34 (76 S. E. 786).  *Judgment reversed.  Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 18, 1921.

Action for damages; from city court of Albany — Judge Clayton Jones.  February 14, 1921.

*Claude Payton*, for plaintiff.  *Lippitt & Burt*, for defendant.