19290. KINNEBREW *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*M. B. Eubanks,* for plaintiff in error.
*Alec Harris, solicitor,* contra.

LUKE, J. The defendant was convicted, and applied for a new trial. On September 14, 1928, the trial judge set the hearing of the motion for a new trial on October 13, 1928, and allowed the defendant fifteen days in which to file a brief of the evidence. The defendant did not file the brief of the evidence within the time prescribed in the order of the court, and, on the date set for the hearing of the motion for a new trial, the court, on motion of the solicitor, dismissed the motion for a new trial. The bill of exceptions recites that the court sustained the motion of the solicitor to dismiss because the brief of evidence was not filed within the time provided for in the order of the court, the court "holding that both the court and defendant were bound by the terms of the order allowing fifteen days in which to file the brief of the evidence." The judge certifies that this bill of exceptions is true. Of course it would have been proper for the judge to call upon movant's counsel to show cause why the brief of evidence had not been filed in accordance with the terms of the order of September 14, 1928, and what reason counsel had for invoking further indulgence. However, as it is apparent from the bill of exceptions that the judge did not undertake to exercise any discretion in the matter, but sustained the motion to dismiss upon the idea that the court and counsel were bound by the order of September 14, and that the court was without jurisdiction to deal with the motion for a new trial on its merits, because the brief of evidence had not been filed on or before September 29, "the judgment of dismissal should be reversed, to the end

that the movant may have an opportunity of showing to the satisfaction of the court that the failure to comply with the terms of its original order was not due to the laches of counsel, if such be the truth of the matter." See *Broadway National Bank* v. *Kendrick,* 124 *Ga.* 1053, 1056 (53 S. E. 577) ; *Brooks* v. *State,* ante, 32.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*