## 20905.   RANDALL *v.* WASHINGTON TELEPHONE COMPANY.

DECIDED MAY 16, 1931.

372

*J. H. & Emmett Skelton, George L. Goode,* for plaintiff.

BELL, J. (After stating the foregoing facts.) We think the petition set forth a cause of action as against the telephone company. See, in this connection, *Southern Bell Tel. Co.* v. *Davis,* 12 *Ga. App.* 28 (76 S. E. 786); *Atlanta Tel. Co.* v. *Cheshire,* 12 *Ga. App.* 652 (78 S. E. 53); *Eining* v. *Georgia Railway & Electric Co.,* 133 *Ga.* 458 (66 S. E. 237).

The petition does not allege at what hour on June 1, 1928, the telephone wire broke and fell to the sidewalk, and it is contended by counsel for the telephone company that the petition thus fails to show that the wire had been down a sufficient length of time for the company to have learned of this fact and removed the danger. There is no merit in this contention. The allegations show such a state of facts as to authorize the inference that the defendant knew or ought to have known that a limb from the tree was likely to fall, and that in such event the wire in its rusty, worn, and uninsulated condition would become charged with electricity when thus forced upon the service wire of the power company. *Corley* v. *Coleman,* 113 *Ga.* 994 (39 S. E. 558).

It is further contended that the negligence of the telephone company could not be said to be the proximate cause of the plaintiff's injuries, because the service wire of the power company presumably carried a harmless current, and the telephone company was not required to anticipate that this wire would be charged with a high and dangerous voltage as a result of negligence on the part of the power company. This contention can not be sustained, for at least two reasons. In the first place, the petition alleges, in effect, that the telephone company knew that the wires of the power company, including "said service wire," were heavily charged.

Again, in order to adopt the theory advanced by counsel for the defendant, it would be necessary for this court to take judicial cognizance of the fact that the service or secondary wire of the power company with which the wire of the telephone company came in contact was carrying only an "innocuous current of low voltage." The petition contains no allegation to indicate the purpose for which the electricity was supplied to the plaintiff's residence, whether to operate domestic machinery or appliances, or for ordinary lighting purpose, and this court can not take judicial notice that the service wire was intended to conduct, and normally did conduct, a purely harmless current. See, in this connection, *Central of Ga. Ry. Co.* v. *Lawley,* 33 *Ga. App.* 375 (3) (126 S. E. 273). In *City of Thomasville* v. *Jones,* 17 *Ga. App.* 625 (87 S. E. 923), cited for the defendant, the fact that the service or secondary wire conveyed a current only 110 to 120 volts was established both by the pleadings and the evidence, and was not left to be discovered by the exercise of judicial knowledge.

The present case is distinguished from *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906). In that case it appeared that the tree did not 'fall from decay, but was felled by the act of a third person, which amounted to an intervening agency such as the defendant could not reasonably have foreseen or anticipated. See, in this connection, *Bleckley* v. *Western Carolina Tel. Co.*, 42 *Ga. App.* 110 (155 S. E. 83).

The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*