Stanley H. CONRAD, Plaintiff and
Appellant,

v.

WALKER BANK & TRUST COMPANY
et al., Defendants and Respondents.

No. 14054.

Supreme Court of Utah.

Nov. 25, 1975.

Lowell V. Summerhays, Salt Lake City, for plaintiff and appellant.

F. Robert Bayle, Bayle & Lauchnor, Salt Lake City, for Walker Bank.

Grant McFarlane, Jr., Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for Mountain States Telephone.

ELLETT, Justice:

This appeal is from a summary judgment dismissing with prejudice plaintiff's cause of action as to Walker Bank & Trust Company (hereinafter called Bank).

As a beautification feature to its building situated adjacent thereto, the Bank maintained that part of the street between the sidewalk and the paved portion of the street by planting lawn, caring for it, and leveling it as needed. The city owned the area but did nothing towards caring for it.

The plaintiff was riding his bicycle across the sidewalk intending to enter the street by means of a driveway maintained by the Bank. He claims that he could not enter the street because of an automobile which was approaching a mailbox located nearby, and so he directed his bicycle along the sidewalk for a short distance in order to avoid the automobile in question. As he changed his direction along the sidewalk, he noticed two children in front of him, and to avoid colliding with them, he inadvertently permitted his bicycle to leave the sidewalk and go upon the grassy area. He further claims that there was a hole one foot deep and about eighteen inches wide immediately adjacent to the sidewalk which he could not avoid, and, as a result, he was thrown from his bicycle and caused to suffer great injuries.

The court apparently assumed that the Bank owed no duty to the plaintiff, since it did not own the land wherein lay the hole. This is a false assumption. By utilizing the area between the street and sidewalk and by undertaking to keep it level, the Bank became charged with a duty to do so in a nonnegligent manner the same as if it had owned the land. See

*Gibson v. Johnson,*[1] where a water meter box was maintained upon property controlled by the defendant and adjacent to the sidewalk. The court held that actual possession and not title was the issue. There the plaintiff stepped aside to let other pedestrians pass, and in doing so he stepped into an unguarded water meter box. He was held not to be a trespasser.

Another case is that of *Larkin v. Andrews,*[2] where an electric power line was permitted to sag so as to be concealed by some weeds on land adjacent to the roadway. The defendant did not own the adjoining land. The plaintiff stepped to the side in order to avoid an oncoming automobile and came in contact with defendant's power line. The defendant demurred to plaintiff's complaint. The court overruled the demurrer, saying the matter was for the jury.

In the case of *Durst v. Wareham et al.,*[3] the plaintiff's motorcycle went out of control because of ice and snow. The rear end slipped into an old shed some three feet from the roadway which had fallen into disrepair, and, as a result, a part of the structure fell upon and injured the plaintiff. Judgment for the plaintiff against the landowner was affirmed.

Prosser, Law of Torts (Hornbook Series, 3rd Edition), states the law at page 360 as follows:

.The status of a user of the highway has been extended to those who stray a few feet from it inadvertently. It has been extended also to those who deviate intentionally for some purpose reasonably connected with the travel itself, such as detouring an obstruction, or stepping out to avoid others on the sidewalk, . . .

■ In the instant matter we think it is for the jury to determine whether either the defendant or the plaintiff was negligent and, if so, the extent to which each contributed to cause plaintiff's injury. We, therefore, reverse the judgment and remand for such further proceeding as may be proper. Costs are awarded to the appellant.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. 69 Ohio App. 19, 42 N.E.2d 689 (1941).

2. 27 Ga.App. 685, 109 S.E. 518 (1921).

3. 132 Kan. 785, 297 P. 675 (1931).