## MACON, DUBLIN, AND SAVANNAH RAILROAD COMPANY *v.* MOORE.

1. The sufficiency of a paragraph of a petition will not be tested in the light of a particular objection which was not made in a demurrer thereto, but was urged only in counsel's brief submitted with the record in the case. Nor will this court consider any grounds of demurrer appearing in the pleadings, but not insisted on in the brief.

2, 3. Where, in a suit against a railroad company for damages caused by the killing of her husband, the plaintiff alleges that her said husband was a passenger on defendant's train, and was wrongfully ejected there-

from while in a helpless condition, known to the conductor and servants. in charge of the train, and was left in a dangerous place near the railroad track, and that on account of these negligent acts of defendant's. servants he was run over and killed by a second train of defendant,, which followed a few minutes after the one from which the deceased. was ejected, *Held:* (a) The allegation that the deceased was ejected from a designated train of defendant, "near a trestle and almost in the-yards of the said railroad company . . in or near a swamp in the city of Macon," was sufficient identification of the place of expulsion. (b) The proximate cause of the injury was the negligence of the serv-- ants of the defendant in charge of the train from which the deceased. was ejected, and the allegation of his apparent helpless condition was merely allegation of a fact serving to put the servants on inquiry and. notice of the danger of leaving him in the position where they placed. him. It was not necessary in such case to allege the cause of the help-less condition of the deceased, nor was it necessary specifically to allege the motive which influenced the servants in the alleged wrongful act.

4, 5. The verdict was supported by evidence, and was not contrary to law. LUMPKIN and BECK, JJ., dissenting. We are of opinion that the allega-tion that the plaintiff's husband was "almost in a helpless condition," without alleging whether he was sick, or drunk, or lame, or any fact: on which helplessness was predicated, was subject to special demurrer.. An allegation that the defendant's conductor was apprised of such con-dition would not cure an insufficient allegation as to the condition itself; nor would a statement that by reason of his condition he was unable-to leave the track. Except as herein indicated, we concur in the con-clusion of the majority of the court.

Submitted March 3,—Decided July 5, 1906.

Action for damages. Before Judge Hodges. City court of Macon. August 31, 1905.

The plaintiff brought her complaint against the railroad com-pany for alleged tortious acts resulting in the death of her husband. Both a demurrer and answer were filed, the latter being a general denial of all the allegations of the declaration, except that the de-fendant was a corporation. Most of the alleged defects set forth by the demurrer, being cured by amendment of the petition, the demurrer was overruled. The verdict was for the plaintiff in the sum of $1,500. The defendant moved for a new trial upon the general grounds, for certain alleged errors in the charge of the court, and upon various other specific grounds based on the insuf-ficiency of the evidence to sustain the verdict. The motion was. overruled, and the defendant excepted to the overruling of the mo-tion for new trial, and of the demurrer. The plaintiff alleged sub-stantially, that her husband was a passenger on one of defendant's.

trains, and, before reaching his destination, was illegally ejected therefrom by the conductor while he was in a helpless condition, which condition rendered him unable to leave the track, such condition being known to the conductor, and he was left in a dangerous place "near a trestle and almost in the yards of the railroad company, and on that part of the track that said conductor knew was in constant use by the engines and cars of said company;" that a short time thereafter another engine of the defendant company passed along the same track where he was left, and ran over and killed him in the immediate vicinity of the place where he had been ejected; and the defendant was charged with negligence on account of both the killing and the ejection. The evidence for the plaintiff showed, in brief, that the deceased, who had been drinking, boarded the train on a certain afternoon at the depot in Macon and was carried by it over the river bridge on the outskirts of the city, but that just after crossing the bridge the train was stopped and the deceased was put off by the porter and flagman at the instance of the conductor. He had the appearance of one who had been drinking. To use the language of one of plaintiff's witnesses: "When they turned him loose, he was stumbling and falling about, and he crawled back up the bank and fell right across the stringer or iron, and lay there until the switch-engine came along." It appears from other parts of the evidence, that, after being put off, the deceased was taken partially down the railroad embankment by the conductor and porter of the train, laid down, and held by the porter to prevent his reboarding the car. When he was released, "he could not get on his feet;" "it seemed he was trying to crawl;" he could not stand up, but, failing in his attempt to do so, he fell across the track where he remained until struck and killed by the switch-engine, which came by within three or four minutes. The defendant's evidence showed that the deceased was ejected because he refused to pay fare, and that such ejection was carefully made, and that the place where he was left was within 30 feet or more of a wagon road by which he could have safely and conveniently made an exit; and that the deceased was not in such a helpless condition that he could not take care of himself,—one witness testifying that he could walk. There was also much testimony to show that the crew of the switch-engine by which deceased was killed were guilty of no negligence.

*John M. Stubbs, Minter Wimberly* and *Jesse Harris,* for plaintiff in error.　*Joseph H. Hall* and *Warren Roberts,* contra.

ATKINSON, J.　1. It is insisted that the court erred in not striking the third paragraph of the petition, which charged that the defendant company "illegally, wrongfully, and negligently forced the said Peyton Moore to leave the train."　The objection, as argued by counsel in his brief, was that said paragraph did not sufficiently apprise the defendant of the specific acts of negligence relied on, so that the defendant might be enabled to make out a complete defense.　But this reason does not appear in the record as one of the grounds of special demurrer to said paragraph; the objection there urged being that the paragraph was vague and indefinite, in that it failed to allege to what point the train was destined, the place of deceased's boarding it, the place of his destination and ejection, and by whom he was ejected.　No reference was made to any defect in said paragraph on account of a failure to state more explicitly wherein the defendant's servants were guilty of negligence and wrong-doing in ejecting the deceased.　The objection now for the first time urged not appearing in the defendant's demurrer, the court below had no opportunity of passing upon its merits, nor the petitioner any opportunity of amending so as to cure the alleged defects.　Consequently it can not be held that the court erred in refusing to strike the paragraph on the ground of attack made against it in counsel's brief only.　The grounds of demurrer to this paragraph that were made in the pleading are not insisted upon in the brief, and therefore will not be considered.

2. It is urged that the court erred in not striking the fourth paragraph of the petition, which set forth that the deceased, while in a helpless condition was ejected from the train at a dangerous place in or near a swamp, the defendant alleging that the paragraph did not state the place where the deceased was ejected, in what swamp he was put off, and the cause of his helpless condition.　In the paragraph of the petition preceding this one, as amended, it was alleged that the deceased was put off "in the city of Macon," which was a sufficient designation of the place of ejection; and the name of the swamp, if any it had, in which it was alleged that deceased was ejected, was not necessary to be stated in order to further identify the place of expulsion.　It was not necessary to allege the cause of deceased's helpless condition.　By the allegations of the

petition the conduct of the servants of the defendant in charge of the train from which the deceased was ejected is made the proximate cause of the injury, and the allegation as to his helpless condition was one of fact, serving to put the servants on inquiry and notice of the danger of placing him in a dangerous position. The allegation as to his condition is one of substantive fact; and when the object is only ancillary to the main proposition, as in this case, there is certainly no reason for going off into the field of speculation for its causes. It would be different if the defendant were being sued for bringing about the helpless condition. The question would then be, how and by what means was it accomplished? But that is not the case before us. Here it is alleged that the servants, finding him in a helpless condition and knowing him to be so helpless as to render him unable to leave the track, negligently placed and left him in a dangerous place, and that this act of negligence was the proximate cause of the injury. Under the allegations of the petition, the condition of the deceased was certainly sufficient to put the servants on inquiry as to the danger of ejecting him at this particular place. Under familiar rules, if such inquiry duly prosecuted would lead to the discovery of the truth, notice of the fact which raises the duty of inquiry will be knowledge of the result.

3. It is contended that the sixth paragraph of the petition should have been stricken, because the same did not state why the defendant illegally and wrongfully ejected the deceased. It is not incumbent on the plaintiff to allege and prove the motive of the defendant's wrong-doing. Whether there was a motive or not is immaterial so far as the plaintiff's right of recovery is concerned. Nor is there any merit in the further contention that the petition nowhere states "whether or not said Moore was a trespasser." The plaintiff, by specifically stating that Moore was a passenger, negatives all idea that he was a trespasser.

4. It is contended that the verdict was contrary to evidence, because the preponderance of the evidence showed that the deceased was a trespasser upon the train of the defendant company, and that he was legally ejected. Granting this to be true, it does not follow that the defendant would on this account be absolved from all responsibility. Even though the mere act of ejectment was one within the rights of the defendant's servants, if, under the peculiar circumstances of this case, the natural and probable con-

sequence of that act would be the personal injury or death of the one ejected, the act as committed was wrongful, and, by the law of torts, would render the defendant company liable for the injury it caused. It is true that the record shows that the deceased, having refused to pay fare, was not entitled to ride on the train, but that would not authorize the defendant to eject him under such circumstances and at such place as would necessarily expose him to danger.

The verdict was further attacked as contrary to evidence, because (a) the preponderance of evidence showed that the deceased was not in a helpless condition; (b) the evidence showed that the place of ejection was not a dangerous one. These were questions of fact for the jury, and there was, in our opinion, ample evidence on both questions to authorize the verdict. The verdict is further challenged as being contrary to the evidence, because the evidence showed that the "servants in charge of the train by which Moore was killed used all ordinary care and diligence in trying to avoid the accident;" and further, that since the said Moore was a trespasser on the track, the said servants were only under duty to abstain from wilfully injuring him. There is no merit in these contentions. The verdict is not based upon the negligence of the crew of the train that actually killed the deceased. Indeed the strength of the plaintiff's case lies greatly in the fact that the deceased had been put off where he would not likely be seen by those in charge of the next coming train. If the deceased was on the railroad track, he was not there by his own volition; but was there by the conduct of the servants of the defendant and for whose conduct the defendant must be responsible.

5. For none of the reasons assigned was the verdict unsupported by evidence or contrary to law. In the motion for a new trial complaint was made of one of the instructions given to the jury touching the right of the plaintiff to recover; but as the assignment of error made on this charge was not argued before this court, it is to be treated as abandoned.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin and Beck, JJ., dissenting.*

LUMPKIN, J. With great deference to the learning and ability of my brethren, I am unable to agree with them in all respects in this case. A part of one ground of the special demurrer should, in my opinion, have been sustained, the other part being met by

amendment. In the fourth paragraph of plaintiff's petition it is alleged, that the place where her husband was ejected from the defendant's train was a dangerous place in or near a swamp, and that he was left by the conductor immediately upon the track of the defendant; "that at the time the said Peyton Moore was almost in a helpless condition, and was unable, by reason of his condition, to leave said track, and he was exposed to the danger of being run over by engines and trains on said road; that the conductor was fully apprised of the helpless condition of the said Peyton Moore, and his inability to take care of himself, or safely leave the place where he was left at the time of his ejection from said train; but, in utter disregard of the protection of the life and limb of the said Peyton Moore, the said conductor knowingly left him in a place where his life was in great danger." This paragraph was specially demurred to as vague and indefinite as to place, and because it "does not allege the reason of his helpless condition, whether he was sick, or drunk, or in what condition, or the cause of said condition." The allegation above quoted, so far as it refers to the condition of the plaintiff's husband, involves two statements: first, that he "was almost in a helpless condition, and was unable by reason of his condition, to leave said track;" second, that the conductor was apprised of his condition. This includes a claim of the existence of some particular condition as a matter of fact, and also of knowledge of that condition by the conductor. Both must be properly alleged. An allegation of knowledge of a thing will not take the place of a sufficient allegation as to the thing itself. Was it a sufficient allegation as to the condition of the plaintiff's husband merely to state that he was "almost in a helpless condition," and by reason of such condition was unable to leave the track? I think not. The Civil Code, §4960, declares that suits shall be by petition, signed by the plaintiff or his counsel, to the court, "plainly, fully, and distinctly setting forth his charge, ground of complaint and demand, and the names of the persons against whom process is prayed." In *Kemp* v. *Central Railway Co.,* 122 *Ga.* 559, it was held: "The more liberal the law in the allowance of amendments, and the less the necessity of formalities in pleading, the greater the right of the defendant by special demurrer to call for a full statement of the facts out of which the plaintiff's cause of action arises." Mr. Justice Lamar, in delivering the opinion (on page 562), said: "It is always easier

to allege than prove. If the facts can not be alleged, they can not be proved. If the facts do not warrant the plaintiff in stating that which would be good as against a demurrer, he can not cure the fatal defect by evidence before the jury. If the facts as alleged set forth a case the law of which is doubtful, it is far better for the parties, for witnesses, and for the country that they should be passed upon as a matter of law than to prove the same facts and have the same result reached by a motion to dismiss, direction of verdict, or nonsuit. . . And when the defendant calls therefor, he is entitled to a full statement of time, place, circumstance, and facts the plaintiff intends to prove, so that he may prepare his defense accordingly—whether that defense be by demurrer or by plea raising an issue to be passed on by the jury." In *Blackstone* v. *Central Ry. Co.,* 105 *Ga.* 380, it was held that an allegation that a pole which caused an injury was "too near the track," was demurrable on the ground that it did not allege how near the pole was to the track. In *Miller* v. *Merchants Trans. Co.,* 115 *Ga.* 1009, it was held that "A petition to recover damages for personal injuries, against a transportation company, which in general terms alleged negligence in that the cargo of a ship was improperly distributed and the ship itself defectively constructed, was properly dismissed upon special demurrer calling for particulars as to the alleged negligence, when the petition was not amended to meet the objections raised by such demurrer." In *Louisville R. Co.* v. *Cody,* 119 *Ga.* 371, these cases were cited approvingly, and the principle reaffirmed. See also *Seaboard Ry.* v. *Pierce,* 120 *Ga.* 230; *Pullman Co.* v. *Martin,* 92 *Ga.* 161. The word "helpless" is defined in the Century Dictionary to mean "incapable of acting without assistance; incapable of self-support or self-defense; feeble; dependent: as, a helpless babe; a helpless, shiftless fellow." Webster defines the word as meaning, "destitute of help or strength; unable to help or defend one's self; needing help; feeble; weak; as a helpless infant." Suppose that in the allegation that the plaintiff's husband was "almost in a helpless condition," we should substitute one of the definitions of the 　　word helpless, and say that the plaintiff's husband was almost incapable of self-support or self-defense; was almost feeble; was almost weak; was almost dependent, would it be contended that such an allegation was a sufficient statement of fact as to what was the condition relied upon in part as the basis

for a recovery? Surely not. The illustrations given by the lexicographers under the definitions quoted show what a wide range of application the word "helpless" has; being equally applicable to a babe and to a shiftless fellow. The statement that he was unable by reason of such condition to leave the track does not remedy the defect. That is a mere statement of what was the result of some condition which the declaration had previously characterized as "almost helpless." Whether it is claimed that the plaintiff's husband was sick, or drunk, or infirm from age, or was blind, or lame, or what was in fact his condition, the mere quality or characteristic or result of which was helplessness is left entirely unstated. It puts the defendant on no notice at all as to the particular condition which it was claimed existed, and affords it no opportunity to prepare its defense. I can not agree that such general allegations, unless amended, are sufficient to withstand a special demurrer. Of course I do not mean to say that if it were alleged that he was sick, it would be necessary to go into details as to the cause which produced his sickness, or, if he were drunk, how he came to get drunk, or any such minutiæ. But when partial helplessness is predicated in regard to some particular condition of a person, it must be alleged what that condition is, and it is not sufficient to characterize the person as "almost in a helpless condition." It is immaterial as to this point whether the verdict is amply supported by the evidence or not. An error in overruling a special demurrer to a declaration does not cease to be erroneous, even if much evidence is introduced to support the petition. A defendant is entitled to have sufficient allegations to put him on notice what case he must prepare to meet. Mr. Justice Beck concurs in the foregoing dissent.