CASE 3.—ACTION BY TALMAGE HICKS BY NEXT FRIEND,
&c. AGAINST THE UNITED STATES NATURAL
GAS COMPANY FOR DAMAGES FOR PERSONAL
INJURIES.—May 19, 1909.

# U. S. Natural Gas Co. v. Hicks

Appeal from Lawrence Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Gas — Explosions—Injuries — Proximate Cause.— Defendant
    maintained a defective gate valve in his pipe line underneath
    a street.. The box around the valve had fallen into disrepair
    and the valve leaked gas. Plaintiff, with other boys, were
    playing in the street, when one of the boys, four years old,
    threw a match into the box, which caused an explosion by
    which plaintiff was injured. Held, that defendant's negligence
    in failing to properly construct and keep its valve box in re-
    pair, and not the negligence of the child, was the proximate
    cause of the accident.

2.  Gas—Pipe Lines—Gate Valves—Protection.—Where a gas
    company maintained a pipe line in a highway, it was bound to
    so protect it as to prevent injuries from explosions to per-
    sons and children lawfully in the highway.

3.  Gas—Injuries from Explosion—Contributory Negligence—
    Children—Questions for Jury.—Where a child eight years
    old was injured while playing in the highway by an explo-
    sion of gas from defendant's gas pipe line, and he had been
    previously warned to keep away from the gate valve box
    where the explosion occurred, the presumption was that he
    was not negligent on account of his age under the rule that
    a child between seven and fourteen is presumed non sui
    juris, and the question of his negligence was for the jury.

HAGER & STEWART for appellant.

POINTS AND AUTHORITIES.

1. The negligence averred not proven. Crane v. Congleton &
Bro., 116 S. W. 341; Gaines & Co. v. Johnson, 105 S. W. 381;
Triple-State Natural Gas & Oil Co. v. Wellman, 114 Ky. 85, 24 R.
851; Thomas v. Gas. Co., 108 Ky. 224; Mangan's Adm'r. v. Louis-
ville Elect. Lt. Co., 122 Ky. 476; 29 R. 38; Thornton Oil & Gas
Sec. 611; McGuinness v. Butler, 159 Mass. 233; Swartswood, Guar-
dian v. L. & N. R. R. Co., 111 S. W. 305; Bransom's Adm'r. v. La-
brot, 81 Ky. 638, 5 R. 8°7; Schauf's Adm'r. v. Paducah, 106 Ky.
228, 20 R. 1796; Gillespie v. McGowan, 45 Am. R. 365.

2. Negligence, if any shown, not the proximate cause of the in-
jury.  Oil Creek, &c. v. Keighron, 74 Pa. St. 320; Sherman &
Redfield, Neg. 4th Ed. Secs. 26, 31 and 35; Chamberlain v. Osh-
kosh, 84 Wis. 289; 19 L. R. A. 513; Setter's Adm'r. v. Maysville,
69 S. W. 1074, 24 R. 828; L. & N. v. Webb, 99 Ky. 332, 18 R. 258;
Stone v. Boston & Albany R. R. Co., 171 Mass. 526, 41 L. R. A.
794.

3. Peremptory instruction should have been given. Crane v.
Congleton & Bro., 116 S. W. 341; Gaines & Co. v. Johnson, 105 S.
W. 381; Swartswood Guard v. L. & N. R. R. Co., 111 S. W. 305;
Stone v. Boston & Albany R. R. Co., 171 Mass. 526, 41 L. R. A.
794.

4. Failing to give which, the whole law applicable to the case
should have been given by the court. Crane v. Congleton & Bro.,
116 S. W. 341; L. & N. R. R. Co. v. Harrod, 115 Ky., 877; 25 R.
250.

W. T. CAIN and M. S. BURNS for appellee.

We submit that "the essential and controlling conception by
which a minor's right of action is determined with reference to
the existence, or absence of contributory fault, is the measure of
his responsibility. If he has not the ability to foresee and avoid
the danger to which he may be exposed, negligence will not be
imputed to him if he unwittingly exposes himself to danger. For
the exercise of such measure of capacity and discretion as he pos-
sesses he is responsible."

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant prosecutes this appeal from a judgment
rendered upon a verdict of a jury for $250 in favor
of appellee. Appellant owns and operates pipe lines
for the purpose of conveying natural gas from its

fields in Martin county, Ky., to its customers in several towns in Kentucky, West Virginia, and Ohio. One of its lines passes through a small town in Lawrence county, Ky., called "Buchanan," and is located in, or partly in, the public road at that point. In the construction and operation of gas lines, it is necessary, for the purpose of cutting off and turning on the gas, to place at intervals along the line what is known as a "gate valve" to be used in case of a break in the line, so that the persons between the break and the fields may have use of gas uninterrupted. The pipes which convey the gas are placed at a depth of three or four feet in the ground, and at each place where there is a gate valve the pipe and valve are incased in a wooden box which extends to the surface of the ground, and is covered with a lid which is fastened on one side with hinges and on the other with a clasp.    Appellee alleged and introduced testimony tending to show that appellant negligently failed to place at the point referred to in Buchanan a reasonably safe gate valve, and to keep same in a safe condition and repair; and also made like allegations, and introduced testimony to sustain them, with reference to the box which inclosed the gate valve; that by reason of the defective gate valve large quantities of gas were allowed to escape; and that, on account of the defective and rotten condition of the box, appellee was severely burned by the explosion of the gas. These allegations were controverted by appellant, both by pleading and proof.

The manner in which appellee received his injuries was about as follows:   At the time of his injuries appellee was about eight years of age.   He, with his brother, who was about four years old, and a neighbor boy, who was about seven years old, had been in

the public road near this box for some time before
the explosion playing marbles. One of their marbles
rolled through a crack into the box. It appears that
about this time the neighbor boy went to his home,
got some tar paper (it is not shown for what pur-
pose), returned with it and some matches, placed the
paper on top of the box, and set fire to it. Appellee
at the time was on the box, as he stated, looking for
the marble, and his four year old brother struck a
match, threw it through a crack into the box, causing
an explosion instantly, which burned appellee's face,
hands, and arms, and singed his eyebrows and hair.
His pain was severe. Part of the skin on his face
and hands peeled off and they became sore. Appel-
lee's testimony also conduced to show that the leak-
age of gas at the valve was considerable, and had con-
tinued for several months before the explosion. One
witness stated that he had trouble in getting the ani-
mal he was riding to pass by it because of the noise
made by the escaping gas. The testimony further
shows that the box was out of repair; that it had rotted
near the upper edge of the box, leaving a hole immedi-
ately under the lid; that there were holes in the lid the
full length thereof caused by decay and shrinkage of
the boards. It was further shown without contradiction
that the place in the road where the box was situated
was frequented by the children of the village for the
purpose of play, and that this was known by the
agents of appellant who represented it in that section.
Appellee testified that he had been told, by both his
father and mother, to keep away from the box; that
it was dangerous. Appellant by its testimony tended
to contradict the alleged fact that the valve was defec-
tive or improperly attached to the pipe, or that gas
escaped in any considerable quantities, or that the

box was made insecure by reason of the defects referred to. It is also conduced to show that it had used care in making inspections of the valve and box. and in keeping same in repair. Notwithstanding this, it appears without contradiction that there was enough gas in the box to cause an explosion when the lighted match was thrown into it. Appellant's counsel contend that, even admitting that it was guilty of the negligence charged, it was not the proximate cause of the injuries to appellee; that his injuries were the result of an act of a third person to wit, the four year old boy who threw the match into the box, and therefore it was entitled to the peremptory instruction asked for by it, and say that, if they are incorrect in this, the proof shows without contradiction that the appellee had been warned of the danger of playing around this box, and that he was guilty of such contributory negligence, but for which he would not have received his injuries, as to entitle it to a peremptory instruction.

With reference to appellant's first contention, we are of the opinion it is without merit. The jury found under proper instructions that appellant was guilty of negligence in failing to properly construct and keep in repair the valve and box. It was negligent in placing this dangerous appliance within a public passway, and of which the children of the neighborhood made a playground. It was its negligence that created the dangerous contrivance which made it possible for the irresponsible boy to do the act which produced the injury to appellee. Bransom's Adm'r v. Labrot, etc., 5 R. 827, 81 Ky. 638, 50 Am. Rep. 193, was a case where the child killed was a mere licensee playing on the lot of appellees when some lumber appellees had piled there fell upon it. In that case

this court quoted with approval from Addison on Torts, as follows: " 'It appears to us that a man who leaves in a public place, along which persons and amongst them children have to pass, a dangerous machine, which may be fatal to any one who touches it, without any precaution against mischief, is not only guilty of negligence, but of negligence of a very reprehensible character, and not the less so because the imprudent and unauthorized act of another may be necessary to realize the mischief to which the unlawful act, or negligence of the defendant, has given occasion.' " The facts in the case at bar are stronger in favor of the person injured than they were in that case, because appellee in the case at bar was neither a trespasser nor a licensee, but was in a public highway, a place he had a right to be. In the famous Turn-Table Case (Railroad Co. v. Stout, 17 Wall. [U. S.] 657, 21 L. Ed. 745) the child injured or killed was sitting upon the table when it was put in motion by another child. The court in that case determined that the child was entitled to recover, notwithstanding the intervening act of the third person. See, also, the case of I. C. R. R. Co. v. Wilson, etc., 23 Ky. Law Rep. 684.

With reference to the second proposition of counsel for appellant, we are of the opinion that the court did not err in refusing the peremptory instruction. The proof shows, without contradiction, that appellee was only eight years old at the time he received his injuries, an age at which the legal presumption is that he was not accountable for his conduct. He did not realize nor fully appreciate his situation and the probable result which might come to him. The general rule is that, when a child reaches the age of fourteen years, the legal presumption is that it knows

vol. 134—2

right from wrong, and it is responsible for its acts. Between that age and seven years the legal presumption is with the child, and to make it responsible it must be shown by testimony that it had sufficient intelligence and discretion to realize and to know what would be the result of its acts. Hence it is always proper to submit the question of contributory negligence in such cases to the jury. In the case of I. C. R. R. Co. v. Wilson, etc., supra, appellee was a boy nine years old. He, with several other boys of about the same age, were playing with one of appellant's hand cars. In the movement of the car one of appellee's feet was caught in the cogs and mashed. It seems that he had been warned to keep away from it because it was dangerous; yet this court in that case said the question of his responsibility for his conduct should have been, as it was, submitted to the jury. In the case of City of Owensboro v. York's Adm'r, 117 Ky. 294, 25 R. 1397, 77 S. W. 1130, appellee, a boy about 12 years of age, with some other boys about the same age, was playing on the streets of the city, and found an electric light wire hanging from some object to within his reach. The boys began to dare each other to touch it, and York said he could take hold of it if he had a board to stand on. He obtained the board, stood upon it, and took hold of the wire, and was killed instantly. He had been told by one of the other boys, who was over 14 years of age, immediately before he took hold of it, not to do so; that it would kill him. In that case counsel for the city insisted that it was entitled to a peremptory instruction for the reason that it was shown without contradiction that York knew the danger and voluntarily took the risk, assuming that, if he stood upon the board, the elec-

tric current would not hurt him. In discussing this question, the court quoted with approval from the case of Macon v. Paducah Street Railway Co., 110 Ky. 680, 23 R. 46, 62 S. W. 496, as follows: " 'It was also the province of the jury to determine whether or not plaintiff had, in fact, been warned of the danger of taking hold of the wire, and, if so, whether, considering his age and capacity, and all the other circumstances as shown by the evidence at the time, that he did take hold of it, he was guilty of such contributory negligence as barred his right to recover in this action.' " In that case the boy killed was only 12 years of age.

Under these authorities and others that might be cited, we are of the opinion that the lower court committed no error prejudicial to the substantial rights of appellant. Wherefore the judgment is affirmed.