## 5205. ATLANTIC COAST LINE RAILROAD COMPANY v. BARTON.

1. Where the plaintiff bases upon a foreign law his right to recover, the law must be pleaded, and mere reference to the volume and section of a compilation, in which it is alleged the law appears, is not sufficient.

2. The presumption of negligence which the law raises against a railway company upon proof of an injury by the running of its cars is confined to the allegations of negligence upon which recovery for the injury is sought.

3. Where a person boards a railway train and declines to produce a ticket or tender a cash fare, the servants of the company have the right to eject him from the train. In such a case he is to be treated as a trespasser, and not as a passenger.

4. Where a person in a drunken condition lies or sits down upon a railroad track at a place other than a public crossing, the company owes him no duty save that of ordinary care not to injure him after he is discovered upon the track. An allegation that the injury occurred at a place where a road crosses the tracks of the defendant company is not a sufficient averment that the place of the injury was at a public-road crossing.

5. Where the servants of a railway company eject from a train, on account of his refusal to pay fare, a person in such a condition of intoxication as to be wholly unable to take precautions for his safety, and, after being thus ejected, he turns and sits or lies down upon the railway track, and is injured by another locomotive of the defendant, it is for the jury to say whether his condition was such as to render wrongful his ejection at the place where he was removed from the train, and whether the company's servants ought, in the exercise of ordinary care, to have reasonably anticipated that he might go upon the track and be injured.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. August 22, 1913.

*P. W. Meldrim,* for plaintiff in error. *Oliver & Oliver,* contra.

POTTLE, J. The suit was for personal injuries received as a result of being struck by a locomotive engine upon one of the defendant's tracks. The court overruled a general demurrer to the petition, and this judgment is assigned as error. The allegations of the petition are substantially as follows: The plaintiff boarded a train of the defendant at Yemassee in the State of South Carolina, for the purpose of being transported as a passenger to Savannah, Georgia. He had previously procured a ticket and had secured a seat in the smoking compartment of a passenger-coach. Before taking passage on the train he had purchased a quantity of intoxicating liquor, and had imbibed some of it, but at the time he

boarded the train he was not so much under the influence of the liquor as to be unable to take care of himself. After he entered the warm coach the liquor which he had consumed began to affect him, and when the conductor came for his ticket he was unable at the moment to find it. The conductor was impatient, and, without giving him time to find his ticket, stopped the train and ejected him. He had sufficient cash with which to pay his fare, and would have paid it if the conductor had permitted him to make payment, but the conductor, without affording him sufficient opportunity to make payment or to find his ticket, stopped the train, and led him to the rear platform and placed him on the ground. The point at which he was ejected was about 200 yards north of a switch, and about 100 yards south of a trestle. He fell to the ground upon the tracks of the defendant company. He remembers nothing as to what occurred after he reached the ground and the train pulled away, as he had by this time become unconscious and was wholly incapacitated to care for himself. Your petitioner shows that his helpless condition was clearly apparent to the conductor of said passenger-train, and the conductor knew, or in the exercise of ordinary care should have known, that in ejecting petitioner from said train and in leaving him on the tracks of said defendant company, where he was unable to exercise care for his own safety and protection, he was subjecting petitioner to peril and hazard of his life." Petitioner remained on the track, where he fell, for some time and until a freight-train, passing from Charleston to Savannah, arrived. At that time he was sitting on the track, and the engine of the freight-train struck him and knocked him from the track a distance of 10 or 12 feet, inflicting severe injuries. The point where he was ejected from the train and where he was struck by the freight-train is used as a road-crossing. The plaintiff alleges that the defendant was negligent in the following particulars: (1) in ejecting the plaintiff from the passenger-train without cause; (2) in ejecting him from the train without affording him sufficient time to deliver his ticket; (3) in not permitting him to pay the cash fare; (4) in not demanding and receiving from him the money necessary for the payment of fare; (5) in ejecting him from the train while he was in a helpless condition and leaving him upon the tracks of the defendant company at a point where the conductor knew, or in the exercise of ordinary care should have

11

known, that the plaintiff's life and person would be imperilled from other trains passing along the track; (6) in that the engineer of the freight-train which struck the plaintiff did not exercise proper care and caution to prevent striking him, and (7) in that the engineer of the freight-train ran the engine without due care as it approached the place where the road crossed the tracks of the defendant company. The plaintiff bases his right to recover upon the law of South Carolina, which he alleges to be embodied in the code of laws of South Carolina for 1912, volume 2, section 216.

1. While there is more or less confusion in some of the decisions on the subject, it is settled by the decisions of the Supreme Court that where a plaintiff bases his right to recover on a foreign law, the law must be pleaded and proved. *Southern Express Co.* v. *Sottile*, 134 *Ga.* 41 (67 S. E. 414) ; *Southern Express Co.* v. *Hanaw*, 134 *Ga.* 446 (67 S. E. 944, 137 Am. St. R. 227). If the foreign law is properly pleaded, it may be that it need not be formally introduced in evidence; if the law is brought to the attention of the court and properly applied. *C. & W. C. Ry. Co.* v. *Lyons*, 5 *Ga. App.* 668 (63 S. E. 862) ; *Missouri Life Ins. Co.* v. *Lovelace*, 1 *Ga. App.* 446 (58 S. E. 93). It is clear, however, under all of the decisions, that the law must be pleaded, or else the court will presume that the common law is of force and will apply common-law principles, at least as to causes of action arising in one of the thirteen original States or in a State which was carved from them. To plead a foreign law it is not enough to refer merely to the volume in which the law is contained. The law should be set out, so that the court may on inspection of the pleadings determine whether or not the plaintiff has drawn a correct conclusion as to the construction and effect of the law. We will deal with the present petition, therefore, as if the plaintiff had based his right to recover upon the common law, ignoring the plaintiff's attempt to plead the South Carolina statute.

2. When injury results to another from running the cars of a railway company, negligence is presumed, but this presumption is confined to the specific acts of negligence with which the injured party charges the company. If, therefore, the allegations of negligence as set forth in the petition do not, when applied to the facts pleaded, amount to actionable negligence, the petition is subject to general demurrer, notwithstanding the presumption which the law raises upon proof of the injury.

3. We are quite clear that none of the allegations of negligence are sufficient, unless it be the negligence set forth in the fifth specification of negligence. The defendant company undoubtedly had the right to eject the plaintiff from its train. He did not tender a ticket or offer to pay his fare. His averment that he did not have time to do either is not supported by the facts detailed in his petition, which show that a sufficient time elapsed, between the demand for fare and the ejection, for the train to be stopped and the plaintiff to be taken to the rear platform of the coach and removed from the train. Under the allegations of the petition it must be held, as a matter of law, that the plaintiff was afforded ample opportunity to pay his fare. So far as appears, he did not even offer to pay his fare after he was removed from the train; and if he had offered to pay it, the company would not then have been bound to accept it. *G. S. & F. Ry. Co.* v. *Asmore,* 88 *Ga.* 529 (15 S. E. 13, 16 L. R. A. 53). No facts are alleged in the petition which would excuse him from producing a ticket or tendering cash fare before his ejection from the train.

4. Nor is there any legal averment of negligence on the part of the engineer of the freight-train which struck the plaintiff. Relatively to this engineer, the plaintiff was clearly a trespasser upon the company's tracks, and the engineer was under no duty to look out for him, and was only bound to use ordinary care to prevent injury to him after his presence upon the track was discovered. There is no allegation that this engineer saw the plaintiff. Nor is this aspect of the plaintiff's case aided by the averment that he was struck at a place where a road crosses the tracks of the defendant company. Pleadings are to be taken most strongly against the pleader, and the allegation is not sufficient to show that the plaintiff was at a public-road crossing where the engineer was bound to check the speed of his train and give warning of his approach. Neither in connection with the other averments of negligence nor standing alone are the allegations in reference to the negligence of the engineer of the freight-train sufficient to render the defendant liable. "If one voluntarily becomes drunk, and consequently falls down, or lies down, in a state of insensibility, on a railroad track, so that he is injured by a passing train, he can not recover for injuries so received, even though there may have been contributory negligence on the part of employees of the" railroad company.

*Southwestern Railroad* v. *Hankerson,* 61 *Ga.* 115; *Willis* v. *Central Ry. Co.,* 11 *Ga. App.* 717 (75 S. E. 1132).

5. This case must stand or fall upon the allegations in the fifth specification of negligence. According to these averments the plaintiff was in a helpless condition, unable to care for himself, and this condition was known to the conductor. A railway company has no right to needlessly expose even a trespasser to known peril or to danger which ought reasonably to be anticipated, if it knows that he is in such a helpless condition as to be unable to protect himself from the danger. This principle was applied by the Supreme Court in *Macon, Dublin & Savannah R. Co.* v. *Moore,* 125 *Ga.* 810 (54 S. E. 700), where a recovery in the plaintiff's favor was upheld. In that case it appeared that a person who was drunk was ejected from a train of the defendant because he refused to pay his fare, and he was left in a dangerous place near a trestle, and almost in the yards of the railway company, and on a part of the track which the conductor knew was in constant use by engines and cars of the company. Shortly afterwards he was run over and killed by one of the defendant's switch-engines. The rule applicable to such a state of facts may be gathered from the following extract from the opinion in that case: "It is contended that the verdict was contrary to evidence, because the preponderance of the evidence showed that the deceased was a trespasser upon the train of the defendant company, and that he was legally ejected. Granting this to be true, it does not follow that the defendant would on this account be absolved from all responsibility. Even though the mere act of ejectment was one within the rights of the defendant's servants, if, under the peculiar circumstances of this case, the natural and probable consequence of this act would be the personal injury or death of the one ejected, the act as committed was wrongful, and, by the law of torts, would render the defendant company liable for the injury it caused. It is true that the record shows that the deceased, having refused to pay fare, was not entitled to ride on the train, but that would not authorize the defendant to eject him under such circumstances and at such place as would necessarily expose him to danger." The case of *Central R. Co.* v. *Glass,* 60 *Ga.* 442, relied on by the plaintiff, is not in point; for recovery was allowed in that case solely upon the ground that the servants in charge of the train

which injured the plaintiff were warned of his probable presence upon the track, and failed to take proper precaution for his safety. In *Seaboard Air-Line Railway* v. *Smith,* 3 *Ga. App.* 1 (59 S. E. 199), this court had occasion to deal with a somewhat similar question. In that case it appeared that the person who was ejected from the train in an intoxicated condition walked three or four miles down the track and was there killed by a passing train; and it was held that his removal from the train while in an intoxicated condition was not the proximate cause of his death, and that the fact that he was able to walk three or four miles down the track before he was killed showed that he was not in such a helpless condition as to render his ejection from the train negligence. See also *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161-175 (59 S. E. 442). In that case some other act intervened and became the proximate cause of the damage. In questions of this character the rule is that "if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequence could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109).

Under the allegations of the petition the ejection of the plaintiff and the consequent exposure of his person to peril were wrong. He was removed from the train in a helpless condition and left in close proximity to the railway track, along which a train was likely to come at any moment. Ought the conductor to have reasonably anticipated that the plaintiff, in his helpless and insensible condition, might go upon the railway track and thus be exposed to danger from a passing locomotive? If the conductor should have anticipated such a consequence, then the original wrongful act will be held to have been the proximate cause of the subsequent injury. Under the decision of the Supreme Court in *Macon &c. R. Co.* v. *Moore,* supra, this question can not be resolved against the plaintiff as a matter of law, but is one which must be determined by a jury. His right to recover must rest upon proof that he was in such a helpless and insensible condition as to be unable to take precaution for his own safety. If this condition was known to the

defendant's employees who ejected him from the train, it must further appear that his act in exposing himself to danger by going upon the track was one which, in the exercise of ordinary care, they should reasonably have anticipated. The case is, we think, in principle controlled by the decision of the Supreme Court last above cited, which was based upon common-law principles, which, in the absence of proof to the contrary, will be presumed to prevail in the State of South Carolina..

There was no error in overruling the demurrer.

*Judgment affirmed.*