### 9698.  CITY OF WARRENTON *v.* SMITH.

A cause of action against the city is stated in the petition, from which it appears that the plaintiff, a child, was injured in the city, in the court-house square belonging to the county, by the fall of an iron shaft on which he and other children were playing when it fell, one end of which was lying on a slab at the edge of the court-house steps and the other end on a brick pier situated at the edge of a public street of the city; that it was placed there by the city authorities, who under an agreement with the county commissioners had charge of the court-house square and had been improving the square and keeping it in condition for use by the citizens of the city; that for years many people, including children, had been frequenting the square at the place where the injury occurred; that this shaft was alluring and attractive to children; that it was not braced or fastened, and slight pressure was likely

16

to cause it to fall, and that the city had notice of these facts. The court did not err in overruling the demurrer to the petition.

DECIDED JANUARY 15, 1919.

(Certiorari granted by the Supreme Court.)

Action for damages; from Warren superior court—Judge Walker. April 3, 1918.

E. P. Davis, for plaintiff in error, cited: Civil Code (1910), § 403; 15 A. & E. Enc. L. (1st ed.) 1007, 1165; 28 Cyc. 834, 836, 1383; Doyle *v.* Vinalhaven, 66 Me. 348; Bolster *v.* Ithaca Street R. Co., 79 N. Y. App. Div. 239 (affirmed, 178 N. Y. 554); Tower *v.* Rutland, 56 Vt. 28; 6 McQuillin, Mun. Corp., § 2774; 4 Dillon, Mun. Corp. (5th ed.), §§ 1699, 1718; Alger *v.* Lowell, 3 Allen, 402; Ernst *v.* West Covington, 116 Ky. 850; *Zettler* v. *Atlanta, 66 Ga.* 195; *City of Rome* v. *Baker, 107 Ga.* 341; *Parker* v. *Macon, 39 Ga.* 425; *City Council of Augusta* v. *Tharpe, 113 Ga.* 152; *Savannah &c. Ry. Co.* v. *Beavers, 113 Ga.* 402; *Mayor &c. of Unadilla* v. *Felder, 145 Ga.* 440.

E. T. Shurley, Horace & Frank Holden, contra, cited: *American Telephone &c. Co.* v. *Murden, 141 Ga.* 208; 6 McQuillin, Mun. Corp., §§ 2774, 2757; Irvine *v.* Greenwood, 89 S. C. 511 (72 S. E. 228, 232); Beaudin *v.* Bay City, 136 Mich. 333 (4 A. & E. Ann. Cas. 248); *City Council of Augusta* v. *Tharpe, supra;* 13 Ruling Case Law, 371, 419, 421, 423, 425; 28 Cyc. 1284, 1293, 1307, 1308, note, 1311, 1365, 1384, 1406; Civil Code (1910), § 4420; *Mills* v. *Ry. Co., 140 Ga.* 181; *Etheredge* v. *Ry Co., 122 Ga.* 853-5; *Mayor &c.* v. *Felder, 145 Ga.* 440, 443; *Parker* v. *Macon, 39 Ga.* 725; 19 Ruling Case Law, 1135; *City Council of Augusta* v. *Jackson, 20 Ga. App.* 710; *City Council of Augusta* v. *Mackey, 113 Ga.* 64-8.

LUKE, J.  C. M. Smith Jr., by next friend, C. M. Smith Sr., brought suit for damages against the City of Warrenton, alleging in substance that the plaintiff, who was four years of age, was injured in that city, in the court-house square belonging to the county, by the fall of an iron shaft, round in shape, two inches in diameter, and about twenty feet long, one end of which was lying on a slab at the edge of the court-house steps, and the other on a pier made of brick, covered with cement plaster, located at the edge of a public street of the city; that the plaintiff and other boys were playing on the shaft when it fell to the ground, injuring him severely; that it was not braced or fastened, and slight pressure

on it was likely to cause it to fall; that it was placed there some months before that time by the authorities of the City of Warrenton, who, by consent of the county commissioners and under agreement with them, had charge of the court-house square, and had been improving it and keeping it in condition for use of the citizens of the city; that for many years many people, including adults and children, had been frequenting the court-house square at the place where the injury occurred; that this iron shaft was alluring and attractive to children; that the city had both actual and constructive notice of its dangerousness, and had actual notice that children played upon and around it, and had notice for many years that children frequented the path and played at and near the place where the plaintiff was injured. It was alleged that the city was negligent in placing and maintaining the iron shaft in the insecure and dangerous condition described.

The defendant demurred, upon the ground that the petition disclosed that the injury occurred on the court-house property, belonging to the county, and not on one of the streets or sidewalks of the city, nor at a place over which the City of Warrenton had jurisdiction; and further upon the ground that the dangerous bar of iron which fell upon the plaintiff, causing his injury, could be reached by him only upon his voluntarily going upon the court-house property, etc. The court overruled the demurrer to the petition, and the defendant excepts to the judgment.

The petition alleges that the City of Warrenton had charge of the court-house square for many years and had a walk across the court-house square from one public street to another; and that the shaft of iron which injured the plaintiff was placed there by the city, in order to stop travel over a certain walk-way. The petition is clear that the City of Warrenton maintained this agency, which, because of its unsafeness, was liable to injure children who played upon or around it. As against the demurrer this court, of necessity, must take the allegations of the petition to be true. Under the rulings of the Supreme Court in *American Telephone & Telegraph Co.*, v. *Murden*, 141 *Ga.* 208 (80 S. E. 788), and *Mayor &c. of Unadilla* v. *Felder*, 145 *Ga.* 440 (89 S. E. 423), and cases there cited, the petition sets forth a cause of action. The court did not err in overruling the demurrer.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*